UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CURTIS COLSTON**                                                                                                    **PETITIONER**
**ADC #163872**

**V.**                                            **NO. 5:17-CV-00220-JLH-JTR**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                      **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Curtis Colston ("Colston"). *ECF No. 1.* Before addressing Colston's habeas claims, the Court will review the procedural history of the case in state court.

1

On April 28, 2016, a Miller County jury found Colston guilty of one count each of aggravated assault and felon in possession of a firearm. Colston was sentenced to 30 years' imprisonment. *ECF No. 11-2*.

On direct appeal, Colston argued that the trial court abused its discretion by admitting a cell phone video of Colston pulling a gun on Steven Carter ("Carter"), a man he was arguing with at the Flying J Truck Stop in Texarkana. On May 3, 2017, the Arkansas Court of Appeals affirmed. *Colston v. State*, 2017 Ark. 282. *ECF No. 11-3*. Colston then filed a Petition for Rehearing with the Arkansas Court of Appeals and, later, a Petition for Review in the Arkansas Supreme Court. Both of those Petitions were denied. *ECF Nos. 11-4 & 5*.

Colston did not seek Rule 37 relief in the Arkansas state courts.

On August 23, 2017, Colston timely filed this *pro se* federal habeas action. *ECF No. 1*.[1] In his federal habeas papers, he argues that he was denied due process and a fair trial when the trial court admitted the allegedly unauthenticated cell phone video.[2] Respondent contends that Colston's habeas claim is not cognizable in a § 2254 habeas action and that Colston has procedurally defaulted that claim. *ECF No. 11*. Thus, the issues are joined and ripe for resolution.

---

[1] On October 3, 2017, with the Court's permission, Colston filed an Amended Petition. *ECF No. 16*.

[2] Colston has also filed two Reply Briefs, *ECF Nos. 18-19*, and a Motion for Summary Judgment, with supporting documents, *ECF Nos. 20-22*, all of which restate his habeas arguments.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

## II. Discussion

The cell phone video giving rise to Colston's habeas claim was taken by an unknown person at the truck stop where Colston pulled a gun on Carter. Neither Carter, the victim of the aggravated assault, nor the person who took the video testified at trial. Donna Bodkin ("Bodkin"), the truck stop manager, testified for the prosecution and was allowed, over the objection of Colston's counsel, to authenticate the video.

Bodkin testified that she heard "a 'ruckus' going on in the drivers' lounge," after which she escorted Colston outside to leave the truck stop. Colston was angry and told Bodkin that "he was going to go out and get his gun and come back." *Colston v. State*, 2017 Ark. App. 282, at *2. Bodkin did not see Colston return, but later heard another "ruckus going on again." She also heard someone say that "he's got a gun," which led her to call the police. According to Bodkin, Carter later "came [to her] with the gun [he had taken from Colston] and laid it in front of her." It was not until after the incident that Bodkin saw the video, which Carter sent to her on Facebook.[3]

---

[3] Although the video is not in the record, a transcript of the video is included in Colston's Appellant's Brief. The video shows Colston and Carter arguing, after which Carter states that "He [Colston] pulled a gun on me." Colston says: "Where's my gun?" Various other speakers can be heard discussing the incident. At the end of the video, Carter expresses his concern that

The Arkansas Court of Appeals held that the video was adequately authenticated by Bodkin, who testified that: (1) the video accurately depicted the truck stop on the date and time in question; (2) she recognized herself and her voice on the video; and (3) she recognized the voice on the video saying, "he's got a gun" as the same voice she heard while in the front of store. *Colston v. State*, 2017 Ark. App. 282 at *2-4.

### A.   Colston's Challenge to the Video is Procedurally Defaulted

A habeas petitioner must first "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845-848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). A petitioner must present the substance of his federal habeas claim not only in the state trial court, but also in "one complete round of the State's established appellate review process." *See Murphy v. King*, 652 F.3d 845, 848–49 (8th Cir. 2011); *Grass v. Reitz*, 643 F.3d 579, 584-85 (8th Cir. 2011). When a petitioner fails to comply with the fair-presentment requirement, his habeas claim is procedurally defaulted. *Id.*

---

Colston said he had "more guns in the truck" and states that somebody needs to get him [Colston]. Bodkin can be heard telling Carter that she has already called the police. *ECF No. 22 at pp. 33-35* (transcript of video).

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Colston denies that his claim is procedurally defaulted. He argues he raised a due process challenge to the admissibility of the video in state court. The record, however, does not support Colston's argument. During his trial, Colston's lawyer argued, *in limine*, that the introduction of the video "would violate [Colston's] constitutional rights of due process and a fair trial."[4] However, in his direct appeal, Colston's *sole argum*ent was that the trial court abused its discretion in admitting the video, *without authenticating it*, as required by under Ark. R. Evid. 901(a). *See* Colston's Appellant's Brief, *ECF No. 22 at pp. 60-64*.

Colston contends that he "fairly presented" his due process claim to the Arkansas Court of Appeals by including a copy of his Motion in Limine (which raised the alleged due process violation) in the Addendum to his Appellant's Brief

---

[4] *ECF No. 22 at pp. 69-80* (Motion *in Limine*, Add. 2 to Appellant's Brief).

*ECF No. 19 at p. 4.* Under well established and controlling Eighth Circuit law, Colston's argument is without merit.

In order to fairly present his due process claim to the Arkansas Court of Appeals, Colston's appellate brief was required to argue and direct the court's attention "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Dansby v. Hobbs*, 766 F.3d 809 (8th Cir. 2014) (omitting citation and internal quotations). There simply is nothing in the state appellate record suggesting that Colston raised any due process argument in connection with the trial court's decision to admit the cell phone video into evidence. By failing to fairly present the federal due process claim to the Arkansas Court of Appeals in his direct appeal, Colston is now barred from raising that claim for the first time in this federal habeas action.

Accordingly, the issue of whether the cell phone video's admission into evidence violated Colston's due process rights under the Fourteenth Amendment is procedurally defaulted.

    **B.    Colston Has Failed to Establish Cause to Excuse His Procedural Default**

When a procedural default occurs, federal habeas review of the claim is barred unless the habeas petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that

failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

Colston makes no effort to establish cause for his procedural default.[5] Much of his argument rests on federal criminal cases that discuss and apply the Federal Rules of Evidence – not the Arkansas Rules of Evidence that the state court applied to rule the video was admissible evidence. Furthermore, even if Colston had not procedurally defaulted this claim, a federal court addressing a habeas claim has *no authority* "to reexamine state-court determinations on state-law questions." *Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002), *cert. denied*, 537 U.S. 1166 (2003) (*quoting Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Thus, this Court cannot review the Arkansas Court of Appeals' ruling that the video was admissible under the *Arkansas Rules of Evidence*. *See Bounds v. Delo*, 151 F.3d 1116, 1119 (8th Cir.1998) (holding that a federal habeas court cannot "reexamine evidentiary rulings made by the trial court and affirmed by the Missouri Court of Appeals" because those rulings were based on state evidentiary law).

---

[5] Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 602 (1991). Colston does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal court may grant the writ even in the absence of a showing of cause for the procedural default.").

The record is undisputed that Colston did not present the federal constitutional claim asserted in his § 2254 Petition to the Arkansas Court of Appeals in his direct appeal of his state court conviction. Accordingly, he has procedurally defaulted that claim, and he is barred from attempting to raise it in this habeas action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this § 2254 Petition for a Writ of Habeas Corpus, *ECF No. 1*, be DENIED, along with Colston's Motion for Summary Judgment, *ECF No. 20*, and this habeas case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 18th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE